UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NELROY DRUGS, INC., *et al.*,

            Appellants,

v.

ROCHESTER DRUG CO-OPERATIVE, INC.,

            Appellee.

Case # 20-CV-06946-FPG

DECISION AND ORDER

## INTRODUCTION

This case involves an appeal from an Order Denying Motion for Relief from Stay entered by Bankruptcy Judge Paul R. Warren on September 11, 2020 in the Debtor's Chapter 11 bankruptcy case, Case No. 20-20230. *See* ECF No. 1.

Appellee Rochester Drug Co-Operative, Inc. ("Appellee" or "Debtor") filed a motion to dismiss the appeal on December 7, 2020, on the basis that Appellants Nelroy Drugs, Inc., *et al.*'s ("Appellants") appeal was untimely pursuant to the Federal Rules of Bankruptcy Procedure Rules 8002(a)(1) and 8009(a)(1)(B)(i). ECF No. 5. For the reasons that follow, Appellee's Motion to Dismiss Appellants' appeal is GRANTED.

## BACKGROUND

On March 12, 2020, Debtor filed a petition for relief pursuant to 11 U.S.C. § 101, commencing a Chapter 11 Case in the United States Bankruptcy Court for the Western District of New York, Rochester Division (the "Bankruptcy Case"). *See* ECF No. 5 at 1-2. Debtor remains in possession of its assets according to sections 1107(a) and 1108 of the Bankruptcy Code.

On August 24, 2020, Appellants filed a motion in the Bankruptcy Case seeking relief from the automatic stay for purposes of asserting affirmative defenses and setoff claims against the

Debtor in a state court collection action commenced by the Debtor against the Appellants. *Id.* at 2. The Bankruptcy Court held a hearing on the motion on September 11, 2020. *Id.* That same day, the Bankruptcy Court entered an order denying the motion. *Id.*

On September 28, 2020, Appellants filed a motion pursuant to Federal Rules of Civil Procedure 60(b)(1), requesting reconsideration of the order denying the motion seeking relief from the stay. *Id.* Both Appellee and the Official Committee of Unsecured Creditors filed objections to the motion. *Id.* On October 23, 2020, the Bankruptcy Court held a hearing on the motion for reconsideration and that same day entered an order denying the motion for reconsideration on the basis that the motion was untimely and Appellants failed to meet their burden to support the motion. *Id.*

On November 3, 2020, Appellants filed a Notice of Appeal concerning the Bankruptcy Court's September 11, 2020 decision denying the motion for relief from stay. *See* ECF No. 1. This Court entered a Notice regarding the Bankruptcy Appeal on November 9, 2020. *See* ECF No. 2. On November 23, 2020, Appellants filed the Designation of Record on Appeal and Statement of Issues. ECF No. 3.

## LEGAL STANDARD

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from final judgments, orders, and decrees of a bankruptcy court. Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 8013 provides that on appeal, "a district court reviews the bankruptcy court's findings of fact for clear error, and any conclusions of law are reviewed *de novo*." *In re Wenegieme*, No. 16-CV-8107, 2017 WL 4286324, at *2 (S.D.N.Y. Sept. 26, 2017) (citing *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994)) (emphasis added). If the district court lacks appellate jurisdiction over a bankruptcy appeal, the action must be dismissed. *See, e.g.*, *In*

*re Club Ventures Invs. LLC*, 507 B.R. 91, 96 (S.D.N.Y. 2014) (citing *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003)).

## DISCUSSION

Appellee files the motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Rules 8002(a)(1) and 8009(a)(1)(B)(i) of the Federal Rules of Bankruptcy Procedure, on the grounds that: (1) the notice of appeal was untimely and this Court therefore lacks subject matter jurisdiction; and (2) the Designation of Record and Statement of Issues Presented on Appeal was untimely.  Because the Court agrees that Appellants' notice of appeal was untimely, the case is DISMISSED as this Court lacks subject matter jurisdiction.  The Court will not address Appellee's second argument.

Pursuant to Fed. R. Bankr. P. 8002(a)(1), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  The Second Circuit has made clear that "the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'" *Siemon v. Emigrant Savings Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam); *see also In re Indu Craft, Inc.*, 749 F.3d 107, 115 (2d Cir. 2014) (distinguishing *In re Siemon* but affirming that "time limits [] prescribed by statute for appeals to district courts acting as appellate courts over bankruptcy matters" are jurisdictional).  However, if a motion for reconsideration is timely filed, a party has fourteen days from disposition of the motion to file a notice of appeal.  Fed. R. Bankr. P. 8002(b)(1)(D).

The parties do not disagree that Appellants' notice was filed fourteen days from the disposition of the motion for reconsideration, but they disagree as to whether the motion for

reconsideration itself was timely. Specifically, while Appellants conceded that the motion for reconsideration was filed 17 days from the order, Appellants assert that the filing was timely by virtue of Fed. R. Bankr. P. 9006(a)(3) because the delay occurred as a "result of a technical failure of the [Court's] e-filing system." ECF No. 9 at 4.

Rule 9006(a)(3) provides, in relevant part, that "[u]nless the court orders otherwise, if the clerk's office is inaccessible . . . then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a)(3). Traditionally, inaccessibility referred to situations such as weather or other conditions that would cause a court to close. *See, e.g.*, *In re Hotel Syracuse, Inc.*, 154 B.R. 13, 18 (N.D.N.Y. 1993) ("In cases where the courts have chosen to extend a filing deadline because of inclement weather, they have done so only when weather has caused the clerk's office to close.") (citation omitted). However, with the initiation of electronic filing, Rule 9006(a)(3) was expanded to recognize that inaccessibility may also encompass a malfunction of the electronic filing system. Indeed, the 2009 advisory committee notes state,

> The text of the rule no longer refers to "weather or other conditions" as the reason for the inaccessibility of the clerk's office. The reference to "weather" was deleted from the text to underscore that inaccessibility can occur for reasons unrelated to weather, such as an outage of the electronic filing system. Weather can still be a reason for inaccessibility of the clerk's office. The rule does not attempt to define inaccessibility. Rather, the concept will continue to develop through caselaw.

(citations omitted). The notes also indicate that "many local provisions address inaccessibility for purposes of electronic filing."

Appellants claim that the filing of the motion to reconsider was "not possible" on Friday, September 25, 2020 due to the inaccessibility of the CM/ECF site and the motion should be considered timely because it was filed "the first accessible business day," Monday, September 28,

4

2020, in accordance with Rule 9006(a)(3).  ECF No. 9 at 4.  In support, Appellants direct the Court to the Declaration of paralegal, Taylor Farkouh, who asserts that she "tr[ied] everything [she] could think of in order to get the [CM/ECF website] working," but was unable to do so.  Farkouh Decl. ¶ 8.[1]  At which point, she "emailed the court's ECF email address (BKECF_LiveDB@nyeb.urcourts.gov)[2] attaching a copy of the motion and all corresponding documents and stated in the email that the court website was down and that [Appellants] were unable to file and meet [the] deadline."  *Id.*  She further provides that while she was unable to file again on Saturday, September 26, 2020, she contacted the clerk's office and the judge's chambers on Monday, September 28, 2020 and was advised to file the motion as soon as possible.  *Id.* ¶ 9-10.  Also attached to her Declaration is a screen capture of what appears to be the inaccessible page of CM/ECF.  *See* Ex. A to Farkouh Decl.

To determine the proper course of conduct when CM/ECF is inaccessible, the Court need look no further than the Administrative Procedures adopted by the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court"), as contemplated by Rule 9006(a)(3)'s 2009 Advisory Committee Notes.  Indeed, the Bankruptcy Court's Administrative Procedures provide that, "[t]echnical failure of the Court's ECF System that prevents [timely filing] . . . may be resolved by the [filer] seeking appropriate relief from the Court or by filing such documents with the Clerk of Court conventionally in paper."  Administrative Procedure 11(A), page 15.[3]  The provision goes on to provide that known system outages will be posted to the

---

[1] The Court notes that Farkouh's affidavit is missing paragraph numbers 3 through 7.  It is unclear to this Court whether this is a result of scrivener's error or if a page is missing from the filing as the document does not contain page numbers.

[2] While the Declaration indicates that the email was sent to "@nyeb.u*r*courts.gov" the Court notes that based on the email address shown in Exhibit A attached to Farkouh's Declaration, the email was sent to "@nyeb.u*s*courts.gov."

[3] The Administrative Procedures is available on the Bankruptcy Court's webpage at https://www.nywb.uscourts.gov/administrative-procedures-and-orders.

Bankruptcy Court's website and e-mailed to all registered participants with as much advanced notice as possible.  *Id.*

As an initial matter, Appellants' inability to file the motion timely occurred as a result of scheduled maintenance to the CM/ECF system.  According to a letter sent to Appellants by the Western District of New York Bankruptcy Court Clerk of Court, the electronic filing system was set to be unavailable for filing from 5:00 p.m. on Friday, September 25, 2020 to 12:00 p.m. on Saturday, September 26, 2020 for scheduled maintenance.  *See* Ex. 2 to ECF No. 12.  The Clerk of Court states in the letter that the information regarding the unavailability for filing was posted on the Bankruptcy Court's website on September 21, 2020—four days prior to Appellants' filing deadline—and the information was emailed to all CM/ECF users on September 23, 2020—two days prior to Appellants' filing deadline.  *Id.*  Thus, pursuant to the Bankruptcy Court's Administrative Procedures, Appellants were made aware of the upcoming system outage and had advance notice to take proper steps to either secure an extension for filing or ensure that the filing was complete prior to the 5:00 p.m. outage.  Indeed, Appellants do not claim that they were not made aware of the outage in advance of the filing deadline.  However, Appellants failed to take either proactive step.

Rather, after being unable to file the document through the Bankruptcy Court's electronic filing system, Appellants emailed the motion and all corresponding documents to the Bankruptcy Court's email address and notified the court of the issues.  *See* Decl. Farkouh ¶ 8.  However, the email address used by Appellants was not that of the Bankruptcy Court in the *Western* District of New York but was that of the *Eastern* District of New York— BKECF_LiveDB@nyeb.uscourts.gov.  *Id.*; *see also* Ex. 1 to ECF No. 12.  Thus, the proper

Bankruptcy Court was never made aware of any issues Appellants faced in filing the motion timely, nor did the proper Bankruptcy Court ever receive the filing by the deadline.

Appellants' conduct here is the result of multiple careless errors and a failure to follow the Bankruptcy Court's Administrative Procedures. It is simply not the type of conduct which lends itself to the relief provided by the Court to extend filing deadlines. *See, e.g.*, *Franklin v. McHugh*, 804 F.3d 627, 631-32 (2d Cir. 2015) (dismissing an appeal as untimely where counsel failed to properly complete a filing on the ECF system despite clear indication by the court's User Guide as to the proper steps to follow when filing); *Domazet v. Willoughbly Supply Co., Inc.*, No. 1:14-cv-1455 (GLS), 2015 WL 4205279, at *3-4 (N.D.N.Y. July 10, 2015) (dismissing an appeal as untimely where the notice was filed on the Monday following the Friday deadline, because although the court was closed on Friday and thus inaccessible, the filing of the notice was still possible through the electronic filing system). Had Appellants been attentive to the multiple notices provided by the Bankruptcy Court of the CM/ECF outage, Appellants could have proactively requested an extension on the filing deadline as contemplated in the Bankruptcy Court's Administrative Procedures, or Appellants could have planned to move forward with filing prior to 5:00 p.m. on Friday, September 25, 2020, when the CM/ECF system was running. *See, e.g.*, *In re Stone*, No. 05-43464-BKC-LMI, 2006 WL 2683116, at *2 (S.D. Fla. May 31, 2006) (granting motion to dismiss late filing because the cause of the late filing, *inter alia*, was counsel's failure to promptly register for electronically filing and instead relying on conversations with bankruptcy clerks and planning to file conventionally by paper).

Moreover, had Appellants been vigilant, an email notification to the court of the filing issues and copies of the motion would have been sent to the correct bankruptcy court, rather than a court in another jurisdiction. *See, e.g.*, *In re Sands*, 328 B.R. 614, 619 (N.D.N.Y. 2005) (denying

7

motion to reimpose stay where the motion was filed late and the debtor, *inter alia*, failed to contact the clerk's office when she experienced the filing difficulties). In fact, Appellants did not notify the proper court until a phone call was made to the clerk on Monday, September 28, 2020. Additionally, it appears that Appellants also failed to notify opposing counsel of the issues or of the plans to file the motion on the September 25, 2020 deadline. Thus, no one was made aware of the forthcoming motion or filing issues.

It is of no surprise that "[w]hen parties wait until the last minute to comply with a deadline, they are playing with fire." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). Appellants waited until 8:00 p.m. on the day the appeal or motion to reconsider was due to attempt filing, despite advance notice from the Bankruptcy Court—in two separate forms—that the Bankruptcy Court's system would not be available after 5:00 p.m. on that date. When Appellants, to no surprise, were unable to file the notice through the Bankruptcy Court's electronic filing system, Appellants attempted to remedy the problem by sending an email to the court with the notice and corresponding documents. However, the email was sent to the incorrect court. Thus, the proper court was never informed of the issue until the following Monday. While the Court recognizes that Appellants options approaching 9:00 p.m. on a Friday were limited, there was no reason that Appellants should have been in such a predicament. Indeed, Appellants had notice of the CM/ECF outage in advance, with plenty of time to contact the Bankruptcy Court and request an extension of time to file the motion; or they could have planned to file prior to the CM/ECF system outage, in accordance with the Bankruptcy Court's Administrative Procedures. Moreover, had Appellants been more cautious, an email could have been sent to the proper court apprising them of the circumstances.

The Court is "acutely aware . . . that behind counsel stands a[n] [Appellant]" who may lose the chance to bring the substance of the claims against the debtor. *Robinson v. City of Buffalo*, 16-CV-00432(MAT), 2017 WL 2021528, at *9 (W.D.N.Y. May 12, 2017) (citations and internal quotation marks omitted). Nonetheless, "if the Rules are to mean anything, parties must diligently try to follow them and courts must enforce them, even if that means that cases must sometimes be finally determined on procedural grounds rather than on their substantive merits." *Osrecovery, Inc. v. One Group Intern., Inc.*, 234 F.R.D. 59, 62 (S.D.N.Y. Aug. 17, 2005). The Court cannot excuse the various careless errors here.

As such, because the filing was untimely, the Court lacks subject matter jurisdiction and the claim must be DISMISSED.

## CONCLUSION

For the reasons stated, Appellee's motion to dismiss, ECF No. 5, is GRANTED and Appellant's appeal is DISMISSED. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: April 19, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court